E-FILED: **2/9/10**

JS - 6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**FRED JAVIER GONZALEZ INSURANCE AGENCY, et al.,**<br><br>Defendants. | CASE NO. CV 09-6270-GHK (Ex)<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

    This matter having come before this Court on Plaintiff Government Employees Insurance Company's ("Plaintiff") Motion for Default Judgment ("Motion") against Defendants Fred Javier Gonzalez Insurance Agency and Fred Javier Gonzalez ("Defendants");

    AND, the Court having read and considered the pleadings, declarations and exhibits submitted in this matter and having reviewed such evidence as was presented in

support of Plaintiff's Motion;

AND, pursuant to our February 9, 2010 Order Granting the Motion for Default Judgment, and good cause appearing therefore, IT IS HEREBY **ADJUDGED** THAT:

1) Defendants materially breached the GEICO Field Representative's Agreement ("Agreement") between Plaintiff and Defendants, effective February 9, 2009, in several respects, including by:

    a) Failing to maintain the field office required by Section 1(a)(ii) of the Agreement;

    b) Failing and refusing to provide an accounting to GEICO of all funds received in trust on GEICO's behalf pursuant to Section 3 of the Agreement;

    c) Failing and refusing to cooperate with GEICO and to make all of its records open for inspection, audit, and accounting by GEICO pursuant to Section 3 of the Agreement;

    d) Wrongfully withholding GEICO policyholders' premium payments and failing to apply them to the policyholders' accounts; and

    e) Wrongfully maintaining and converting GEICO's property following termination of the Agreement.

2) GEICO lawfully exercised its right to terminate the Agreement under Section 11 of the Agreement.

3) Plaintiff **SHALL** have judgment against Defendants jointly and severally in the total sum of $26,594.88.

4) The principal sum of $26,594.88 consists of: $25,868.25 in compensatory and consequential damages flowing from Defendants' material breaches of the Agreement, and $726.63 in restitution of unlawfully withheld customer payments.

5) Plaintiff **SHALL** have pre-judgment interest on the principal amount of $26,594.88 from August 25, 2009, the effective date of Plaintiff's termination of the Agreement, at 10 percent per annum, pursuant to California Civil Code § 3289(b), in the amount of $1,224.09, and post-judgment interest according to the statutory rate set forth in 28

U.S.C. § 1961(a).

6) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby permanently enjoined and restrained pursuant to 15 U.S.C. §§ 1114, 1116(a), and required to:

    a) Immediately cease and desist from holding themselves out to the public as agents or representatives of GEICO and from continuing to use GEICO's name, logo, trademarks and service marks;

    b) Deliver up for destruction all goods, packaging, containers, stationery, signage, advertisements, brochures, promotional materials, business cards, and all other materials of any kind bearing the GEICO Marks, or any other name, mark, or design, confusingly similar to any GEICO Mark, together with all plates, molds, matrices, and materials used for making or producing the same, to GEICO's counsel, Elizabeth A. Fierman, Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071, **BY NO LATER THAN 5:00 p.m. on Friday, March 12, 2010**; and

    c) Remove all GEICO trademarks, service marks, logo, signs and emblems from the field office located at 7000 Indiana Avenue, Suite 122, Riverside, California, **BY NO LATER THAN 5:00 p.m. on Friday, March 12, 2010**.

7) Defendants **SHALL** turn over and provide an accounting for all customer payments that were received in the field office, including but not limited to the six missing payments totaling $726.63 in restitution previously mentioned, **BY NO LATER THAN 5:00 p.m. on Friday, March 12, 2010**.

8) Defendants **SHALL** return 92 GEICO payment receipts as required by Section 11(e) of the Agreement, **BY NO LATER THAN 5:00 p.m. on Friday, March 12, 2010**.

9) Plaintiff **SHALL** serve this Judgment on Defendants prior to its execution.

10) The Court **SHALL** retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to

implement and enforce the provisions of this Judgment.

**IT IS SO ORDERED**.

DATED: February 9, 2010

_____
GEORGE H. KING
United States District Judge

4