E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6270-GHK (Ex) | Date | February 9, 2011 |
|---|---|---|---|

| Title | *Government Employees Insurance Company v. Fred Javier Gonzalez Insurance Agency, et al.* |
|---|---|

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Counter-Defendants' Motion to Dismiss Counterclaim; [63]

This matter is before the Court on the Motion to Dismiss ("Motion") brought by Plaintiff and Counter-Defendant Government Employees Insurance Company ("GEICO"), and Counter-Defendants GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, International Insurance Underwriters, Inc., Insurance Counselors, Inc., and John "Jay" Sneed (along with GEICO, collectively, "Counter-Defendants").

Defendants and Counterclaimants Fred Javier Gonzalez Insurance Agency and Fred Javier Gonzalez (collectively, "Gonzalez") were formerly GEICO's Field Representative, carrying GEICO insurance products. At certain times, there was a written GEICO Field Representative's Agreement ("Agency Agreement") that purported to govern the relationship between Fred Javier Gonzalez Insurance Agency and Counter-Defendants. Gonzalez has alleged that the Agency Agreement is unconscionable and illusory. At some point, GEICO terminated the Agency Agreement. The Counterclaim asserts eleven claims against Counter-Defendants arising out of the events leading up to and including the termination of the Agency Agreement.

We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

## I.     Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, we must accept the allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6270-GHK (Ex) | Date | February 9, 2011 |
|---|---|---|---|
| Title | *Government Employees Insurance Company v. Fred Javier Gonzalez Insurance Agency, et al.* | | |

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted). Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.      Discussion**

   **A.      *Claim #1 (Promissory Estoppel); Claim #2 (Breach of Oral Contract)***

Gonzalez has alleged that GEICO made certain oral representations upon which he detrimentally relied some six months prior to the execution of the Agency Agreement. (Counterclaim ¶¶ 199-204). These alleged oral representations give rise to Gonzalez's claim for promissory estoppel and some of them, (*id.* ¶ 210), give rise to his claim for breach of oral contract. Counter-Defendants move to dismiss both claims because the subsequent Agency Agreement, which contained an integration clause, superceded any prior oral understandings. However, the Counterclaim alleges that the Agency Agreement is unconscionable and illusory. (*Id.* ¶¶ 96-131). We do not reach this issue on this Motion.[1] If Gonzalez prevails in this argument, and demonstrates that the Agency Agreement is void, it may be possible for him to pursue these claims. Therefore, because recovery on these claims is not legally foreclosed at this time, the Motion as to these claims is **DENIED**.[2]

   **B.      *Claim #3 (Fraud or Deceit); Claim #4 (Negligent Misrepresentation)***

These claims are pleaded under an inducement theory. (*Id.* ¶¶ 219-20, 229-30). Counter-Defendants argue that the alleged statements cannot give rise to claims for fraudulent inducement because the subject matter of the alleged statements concerns matters governed by the Agency Agreement. In the first place, giving all reasonable inferences to Gonzalez, as we must on this Motion, the Counterclaim can be fairly construed as alleging fraudulent inducement of the alleged oral contract, rather than the Agency Agreement. (*Compare id.* ¶¶ 213-16, 223-26 *with* ¶207 (many of the alleged representations are identical to those alleged to constitute the terms of the oral contract)). Moreover, the

---

[1] Although the Counterclaim makes extensive allegations as to the Agency Agreement's unconscionability and illusory nature, Counter-Defendants waited until their Reply to brief these issues. Gonzalez has had no meaningful opportunity to address Counter-Defendants' arguments. Accordingly, we draw no conclusion on these issues at this time.

[2] We express no judgment on whether Gonzalez could state a claim for breach of oral contract even if the Agency Agreement were not unconscionable and illusory. Gonzalez has argued that the oral agreement constitutes a separate agreement and appears to allege injury from breach of this alleged oral agreement prior to the execution of the Agency Agreement. Inasmuch as we have already denied the motion to dismiss this claim, we need not reach Gonzalez's alternate theory at this time.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6270-GHK (Ex) | Date | February 9, 2011 |
|---|---|---|---|
| Title | *Government Employees Insurance Company v. Fred Javier Gonzalez Insurance Agency, et al.* | | |

parol evidence rule "does not exclude . . . evidence . . . to establish illegality or fraud." CAL. CODE CIV. P. § 1856. It is not clear as a matter of law that all of the alleged fraudulent statements are in *direct variance* with the terms of the Agency Agreement. *See Davis v. Gulf Oil Corp.*, 572 F. Supp. 1393, 1401 (1983) ("[N]on-contradictory parol statements are admissible to show fraud even in situations where the contract is integrated." (citation ommited)). Accordingly, the Motion is **DENIED** as to these claims.

### C.     Claim #6: Implied Covenant of Good Faith and Fair Dealing

This claim is directed at the Agency Agreement. (*See* Counterclaim ¶¶ 241, 244, 246). The Parties do not dispute that Maryland law governs the Agency Agreement by its express terms. However, "[a] breach of the implied duty of good faith and fair dealing is better viewed as an element of another cause of action at law, *e.g.*, breach of contract, than as a stand-alone cause of action for money damages," and accordingly, "no independent cause of action at law exists in Maryland for breach of the implied duty of good faith and fair dealing." *Mount Vernon Props., LLC v. Branch Banking And Trust Co.*, 170 Md. App. 457, 472 (Md. Ct. Spec. App. 2006). Therefore, the Motion as to this claim is **GRANTED** and this claim is **DISMISSED with prejudice**.

### D.     Claim #7: Wrongful and Retaliatory Termination

Counter-Defendants argue that Gonzalez cannot state this claim as a matter of law. Gonzalez agrees to dismiss this claim in Opposition, agreeing that Counter-Defendants' alleged actions "may not suffice to meet the high showing necessary to state a claim." (Opp'n at 10). Therefore, the Motion as to this claim is **GRANTED** and this claim is **DISMISSED with prejudice**.

### E.     Claim #5: Breach of Written Contract

The Counterclaim asserts several breaches of the Agency Agreement. For purposes of this Motion, Gonzalez's allegation that Counter-Defendants "breached Section 1(e) of the Agency Agreement by continually and severely violating Mr. Gonzalez's right, as a supposed 'independent contractor,' to control the manner and means of his performance under the Agreement" is sufficient to state a claim. (Counterclaim ¶ 236). The Counterclaim contains extensive allegations concerning Snead's alleged interference with Gonzalez's business operations. (*Id.* ¶ 134, pp. 67-76). Neither Counter-Defendants' conclusory and unanalyzed assertion that a labor law action would be the appropriate avenue of redress, nor its new argument in Reply that damages have not been alleged, defeat these allegation of breach. Therefore, the Motion as to this claim is **DENIED**.

### F.     Claim #8: Unjust Enrichment or Quantum Meruit or Restitution

Counter-Defendants move to dismiss this claim because of the existence of the Agency Agreement and because California law does not recognize unjust enrichment as a claim for relief. This first argument turns on the same issue as the above discussion: Gonzalez is not foreclosed from stating

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6270-GHK (Ex) | Date | February 9, 2011 |
|---|---|---|---|
| Title | *Government Employees Insurance Company v. Fred Javier Gonzalez Insurance Agency, et al.* | | |

a claim, at this point, because the Agency Agreement may be deemed to be unconscionable or illusory. As to the second objection, California courts would "construe . . . [a] purported cause of action for unjust enrichment as an attempt to plead a cause of action giving rise to a right to restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004). This is especially appropriate here, where Gonzalez has included the word "restitution" in the title of his claim. Counter-Defendants argue that a claim for restitution must seek the return of money or property, yet they are not holding any identifiable property belonging to Gonzalez. However, the Counterclaim alleges that Gonzalez "invested his entire life savings" as a result of Counter-Defendants' fraud. (Counterclaim ¶ 253). As he presumably had an ownership interest in these assets, he can plead a claim for restitution. Therefore, the Motion as to this claim is **DENIED**.

### G. *Claim #9: Fair Employment and Housing Act*

The gravamen of this claim is that Mr. Gonzalez was mis-classified as an independent contractor, when he was in reality an employee. The Counterclaim alleges that Mr. Gonzalez was terminated on either August 12, 2009 or August 25, 2009, or both. (Counterclaim ¶ 115 n.5). Under the Fair Employment and Housing Act ("FEHA") "the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the Department of Fair Employment and Housing (Department) and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA. The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA." *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996) (citations omitted). The limitations period begins to run from the time the unlawful practice occurred. *Id.* at 493. In this case, that can mean no later than the date of the termination of the Agency Agreement. California Government Code § 12960 provides for a one-year statute of limitations. On its face, this claim is time-barred since no administrative complaint was filed in the year after the termination of the Agency Agreement.

Gonzalez asserts that FEHA's exhaustion requirement is subject to waiver, estoppel, and tolling. However, only the issue of equitable tolling is analyzed. The California Supreme Court has recognized that FEHA may be subject to equitable tolling in certain circumstances. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88 (2008). Gonzalez cites no case that would extend equitable tolling to the circumstances in this case. Gonzalez seems to argue that it would be inequitable to dismiss his claim as time-barred because GEICO chose a federal forum to bring suit against him. Gonzalez explains "[b]y the time he eventually obtained counsel, a default judgment had long been entered against him. . . . This is not the typical situation where an employee is terminated and calmly decides *when* he wants to initiate a claim." (Opp'n at 22). These conclusory statements are insufficient allegation of equitable tolling as a matter of law. Moreover, Gonzalez's Counterclaim was lodged on August 9, 2010, which was within the one-year statute of limitations. In other words, at the time he began actively litigating this matter, with the help of counsel, he still had sufficient time to exhaust his remedies. He simply failed to do so.

Therefore, the Motion as to this claim is **GRANTED** and this claim is **DISMISSED with prejudice**.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6270-GHK (Ex) | Date | February 9, 2011 |
|---|---|---|---|
| Title | *Government Employees Insurance Company v. Fred Javier Gonzalez Insurance Agency, et al.* | | |

### H. *Claim #10: Fair Labor Standards Act*

This claim also asserts that Mr. Gonzalez was misclassified as an independent contractor. However, Gonzalez does not dispute that the only Counterclaimant with standing to assert this claim is Mr. Gonzalez in his personal capacity. Yet, Mr. Gonzalez was not an employee of GEICO; only the Fred Javier Gonzalez Insurance Agency, which is a California corporation, had a contractual relationship with GEICO. The Agency Agreement was between the Agency and GEICO only. (*See* Dkt. No. 46, Ex. A). Gonzalez argues that he was a third-party beneficiary to the Agency Agreement. Gonzalez provides no authority that would support extending the third-party beneficiary doctrine to grant a non-employee standing to bring a claim against an employer. Under the plain language of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1), an employee is "any individual employed by an employer." Therefore, the Motion as to this claim is **GRANTED** and this claim is **DISMISSED with prejudice**.

### I. *Claim #11: Business and Professions Code § 17200*

This claim is derivative of the other allegations in the Counterclaim. As Gonzalez has stated other claims, the Motion as to this claim is **DENIED**.

### III. Conclusion

In light of the foregoing discussion, the Motion is **GRANTED in part** and claims # 6, 7, 9, and 10 are **DISMISSED with prejudice**. In all other respects, the Motion is **DENIED**. Counter-Defendants **SHALL** answer the Counterclaim **within ten (10) days hereof**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |